FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -5 PM 4: 25

ON

Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Petitioner

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| JEROME DAVID HALL, SR.,<br><br>Petitioner,<br><br>vs.<br><br>CRAIG TURNBULL,<br><br>Respondent. | Case No. A05-0183 CV (JKS)<br><br>**OPPOSITION TO MOTION TO DISMISS** |

Petitioner, Jerome David Hall, Sr., by and through counsel Mary C. Geddes,

Assistant Federal Defender, opposes Respondent's motion to dismiss with respect to all claims,

relying on his amended petition and his assertions therein.



Counsel for the respondent argues that claims 3[1] and 4[2] must be dismissed because "the Alaska Court of Appeals upheld Hall's convictions as a matter of state law on the ground that Hall's true identify would have been inevitably discovered – without deciding the *Miranda/Innis* issue – and Hall has not exhausted the inevitable discovery claims." (At 3)

Specifically, the respondent claims that the inevitable discovery claim, while raised, was never asserted as a federal constitutional claim per se and therefore must be dismissed.

Hall in fact cited to Smith v. State, 948 P.2d 473 (Alaska 1997), in which the Alaska Supreme Court adopted the rule of inevitable discovery. Smith clarified that although the state courts had referred to the inevitable discovery exception in Erickson v. State, 507 P.2d 508 (Alaska 1973), and applied it in a federal law context in State v. Hazelwood, 866 P.2d 827

---

[1]. 	The Court of Appeals erred in affirming Mr. Hall's conviction after remand, as the trial court had failed on remand to make a definitive finding on the *Miranda/Innis* issue before it. The trial court had equivocated: ruling that Hall's statements were voluntarily made, but also noting that Officer Boor's comments were arguably the type of statement that would elicit a response and could have been meant to let Hall know he was not going to get away with passing a false identity. For his claim, Mr. Hall relies upon the guarantees in the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution for the rights to remain silent and to counsel.

[2]. 	The Court of Appeals erred in affirming Mr. Hall's conviction after remand, relying on the trial court's determination that Mr. Hall's identity would have been inevitably discovered. In order to for there to be an allowable exception to the operation of the exclusionary rule in this case, there had to be a preponderance of evidence that the evidence of Hall's identity would have been discovered inevitably by unlawful means. The trial court erred in finding a sufficient factual basis for the application of the inevitable discovery doctrine. For this claim, Mr. Hall relies upon the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution

2

(Alaska 1993), the state courts had not previously adopted it as a matter of state law. The court

thereupon described the inevitable discovery exception.

> The doctrine is an exception to the exclusionary rule in cases where evidence has been obtained in violation of constitutional protections such as the Fifth Amendment privilege against self-incrimination. The doctrine is essentially a variation on the independent source rule, except that the question is not whether the police actually obtained evidence from an untainted source, but whether evidence obtained through a constitutional violation would inevitably have been discovered through a lawful means.
>
> The Supreme Court noted that the "core rationale" for the exclusionary rule is "to deter police from violations of constitutional and statutory protections." [Nix v. Williams, 467 U.S. 431, 442-43, 104 S.Ct. 2501, 2508, 81 L.Ed.2d 377 (1984).] "On this rationale, the prosecution is not to be put in a better position than it would have been in if no illegality had transpired." Id. at 443 [104 S.Ct. at 2508]. However, the rule is not meant to put the prosecution in a position worse than if no police misconduct occurred. Id. Thus, the Supreme Court has recognized the inevitable discovery doctrine. If the prosecution can prove that the challenged evidence "ultimately or inevitably would have been discovered by lawful means, ... then the deterrence rationale has so little basis that the evidence should be received."

Smith v. State, 948 P.2d at 478 (citing Hazelwood at 866 P.2d at 832).

The inevitable discovery exception is derived from federal constitutional principles

as articulated by the United States Supreme Court, and has never been differentiated by the Alaska

courts. Mr. Hall's arguments following the Superior Court remand to the Court of Appeals, and

to the Supreme Court specifically maintained his argument that the Fifth and Fourteenth

Amendments to the United States Constitution as interpreted and applied in Miranda v. Arizona

required the suppression of his statements.

DATED this 5th day of December, 2005.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA


Mary C. Geddes
Assistant Federal Defender


Certification:

I certify that on December 5, 2005, I ~~faxed~~
~~and~~ mailed a copy of this document to:


John A. Scukanec, Esq.
Office of Special Prosecutions
  & Appeals
310 K Street, Suite 308
Anchorage, AK  99501
(907) 269-6270


Lenora L. Roehling

4