**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JEROME DAVID HALL, SR., <br><br>　　　　　Petitioner,<br>　vs.<br><br>CRAIG TURNBULL,<br><br>　　　　　Respondent. | A05-0183 CV (TMB)<br><br>**RECOMMENDATION<br>REGARDING RESPONDENT'S<br>MOTION TO DISMISS**<br><br>(Docket No.12) |

The court has now before it the respondent's motion to dismiss the petitioner's, Mr. Jerome David Hall, Sr.'s, petition for writ of habeas corpus which is brought pursuant to 28 U.S.C. § 2254. Said motion is made on the grounds that claims 1 and 2 are not cognizable in a federal habeas proceeding and even if they are they are procedurally barred because he failed to exhaust them, and that claim 3 is barred because the state courts never resolved the issue underlying it, and claim 4 is procedurally barred because it was not exhausted. Hall filed an opposition. (Docket No. 21). The respondent did not file a reply. For the reasons that follow the respondent's motion to dismiss should be granted.

BACKGROUND

Hall's was convicted in Alaska State Superior Court of weapons misconduct in the third degree, driving while intoxicated, and providing false

information to a peace officer. The essential facts underlying the issues presented are not disputed by Hall and are presented by the respondent as follows:

> Seward Police Officer Thomas Boor pulled over a car driven by Hall because the car had a broken taillight. Boor approached the car and asked Hall for his drivers license. Hall said he did not have his drivers license with him. Boor asked Hall if he did not have [the license] in his possession or if it was suspended or revoked. Hall admitted that his license was suspended. [Hall] identified himself as "Jerome Phillips," and he provided a social security number and a birth date. Boor asked Hall to accompany him to his patrol car.
>
> Before Hall got in the car, [Officer] Boor asked him if he was carrying any weapons, and Hall replied that he was not. Boor told Hall that he would do a pat-down check for weapons before Hall got in the car, and he asked Hall if he "had a problem with that." Hall said that he did not. Boor patted Hall down and found a loaded .32 caliber revolver in Hall's rear pants pocket. Boor handcuffed Hall and placed him in the patrol car.
>
> [Officer] Boor asked Hall why he had been dishonest about the gun. Hall replied that he thought Boor might find the gun, but that he might as well try to get away with it. Hall again identified himself as Jerome Phillips.
>
> [Officer] Boor had Hall step out of the patrol car. He told Hall he was under arrest, and said that he recognized [Hall] from a contact about a year before. Hall responded, "[All right, you've got me, I'm not going to lie to you[.]" Hall then revealed his true name.

*See* respondent's brief citing Alaska Court of Appeals memorandum decision p. 2-3. Further investigation revealed that Hall was a convicted felon.

In the State court proceedings Hall moved to suppress evidence of the gun and all his statements to the police. Following an evidentiary hearing, the superior court granted Hall's motion as to some of the statements Hall made before he received *Miranda* warnings, but denied Hall's motion as to his post-Miranda statement identifying himself. The Superior Court further ruled that any *Miranda* violation would have been harmless because Hall's true identity would inevitably have been discovered.

The Superior Court also upheld the pat-down search that revealed the gun, based on a finding that Hall had consented to the pat-down search.

On appeal, Hall argued that the pat-down search was illegal because he had not voluntarily consented to the search, and that the search could not be upheld as a search incident to his arrest. The Alaska Court of Appeals did not explore, let alone resolve the consent issue because it concluded that Officer Boor was entitled to search Hall for weapons incident to his arrest on the DWI charge.

Hall also argued on Appeal that Officer Boor's statement that he recognized Hall from a previous contact (made after Hall had invoked his right to remain silent) violated Hall's Miranda rights because the officer's comment about recognizing Hall was the "functional equivalent" of interrogation, and required suppression of Hall's statement revealing his true name. *See Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed. 2d 297 (1980). The Court of Appeals remanded the case to the Superior Court for additional findings on both the *Miranda/Innis* and inevitable discovery issues. On remand, the trial court held a second evidentiary hearing and additional witnesses were called to address these issues.

Following the hearing, the Superior Court did not determine whether Officer Boor's comment about recognizing Hall was or was not the functional equivalent or interrogation for *Miranda* purposes. Instead, the Superior Court ruled that even if the officer's comment was the functional equivalent of interrogation, Hall's true name would inevitably have been discovered. The Court of Appeals adopted the trial court's finding that "the police would [inevitably] have discovered Hall's identity through a predicable investigation process" and affirmed the trial court's decision on that basis without any discussion of the *Miranda/Innis* issue.

The Alaska Supreme Court denied Hall's petition for hearing. He timely filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

DISCUSSION

Hall makes four claims: (1) that the Alaska Court of Appeals erred in concluding that a warrantless search of Hall at the time of his arrest for DWI, which resulted in the discovery and seizure of the handgun, was supported by probable cause; (2) that the trial court erred in concluding that Hall consented to the search of his person; (3) that the Alaska Court of Appeals erred in affirming Hall's conviction after the trial court failed to make a definitive ruling on the *Miranda/Innsis* issue; and (4) that the Alaska Court of Appeals erred in concluding that Hall's identity would have been inevitably discovered. These claims will be discussed in accordance with the challenges put to them by the respondent.

I
THE WARRANTLESS SEARCH

The respondent posits that Hall's Fourth Amendment claims (claims 1 and 2) are not cognizable in a federal habeas action because he had a full and fair opportunity to litigate those claims in Alaska State Court, and "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell,* 428 U.S. 465, 494 - 496 (1976). This is a correct statement of the law. Conspicuously absent from Hall's opposition is any discussion of *Stone* or any dispute that Hall was given a full and fair opportunity to litigate his Fourth Amendment claims in Alaska State Court. Indeed, it appears that he was. Therefore, the respondent's motion to dismiss should be granted as to Hall's Fourth Amendment claims (claims 1 and 2).

## II
## THE *MIRANDA/INNIS* CLAIM

Hall's third claim is that the Alaska Court of Appeals erred in affirming Hall's conviction after the trial court failed to make a definitive ruling on the *Miranda/Innis* issue. The respondent argues that Hall is not entitled to habeas relief on the *Miranda/Innis* claim because the state courts never resolved the issue. In other words, since, as Hall maintains, the Alaska Court of Appeals did not resolve the issue his claim is not cognizable because the state courts decided the issue on other grounds. Specifically, they concluded that because Hall's true identity would have been inevitably discovered. This mooted the *Miranda/Innis* issue. The respondent continues that a writ of habeas corpus is brought pursuant to 28 U.S.C. § 2254 because of a violation of federal law. There was no such violation because of the application of the inevitable discovery doctrine. The respondent's argument is well taken. While the respondent does not expressly state it, the premise of the argument is that Hall would first have to show that the application of the inevitable discovery doctrine was erroneous. Otherwise, he suffers no constitutional injury due to any violation of his Fifth Amendment rights due to the functional equivalent of interrogation that he alleges occurred in violation of *Miranda/Innis*. Hall has not shown that application of the inevitable discovery doctrine was erroneous. Therefore, his third claim for relief should be dismissed.[1]

## III
## DID HALL EXHAUST HIS CLAIM THAT THE ALASKA COURT OF APPEALS ERRED IN CONCLUDING HIS IDENTITY WOULD HAVE BEEN INEVITABLY DISCOVERED?

The respondent contends that Hall's fourth and final claim – that the Alaska Court of Appeals erred in concluding that his identity would have been inevitably discovered – is not cognizable because he failed to exhaust his state court

---

[1] Of course, Hall attempts to attack the Alaska Court of Appeals' application of the inevitable discovery doctrine through his present petition. As discussed below, however, this is not possible because he failed to exhaust that claim before the state courts.

remedies as required by 28 U.S.C. § 2254(b)(1). Section 2254(b)(1) requires that a state prisoner give the state courts an opportunity to pass upon and correct alleged violations of federal constitutional rights. *Baldwin v. Reese,* 541 U.S. 27 (2004).

Hall counters that he did in fact exhaust his state court remedies. Specifically, he submits that his briefing to the Alaska Court of Appeals on the issue of inevitable discovery included state case law which "applied it [the doctrine] in a federal law context". That case was *Smith v. State,* 948 P.2d 473, 478 (Alaska 1997). True, the *Smith* case did include extensive discussion of the doctrine of inevitable discovery in a federal context. Nonetheless, *Smith* adopted the inevitable discovery doctrine as a matter of *state* law. *Id*. It is here that the respondent's failure to respond to Hall's opposition is particularly striking. The court unearthed case law which is directly on point and favorable to the respondent's position. In *Casey v. Moore*, 386 F.3d 896, 911-913 (9th Circuit 2004) the Ninth Circuit instructs that federal claims must have been presented in the text of the state court brief, accompanied by "some clear indication that the case involves federal issues". The failure to give the state courts such a signal is fatal under the exhaustion requirement. *Id. at* 912-913 n.13. Ergo, Hall's reliance on citation to and discussion of federal cases in *Smith* is misplaced when considered in the context of the exhaustion requirement.

True, *Casey* notes: "The United States Supreme Court has left open the question whether the invocation of a state constitutional provision is adequate to raise a federal claim under the corresponding federal constitutional clause when the state courts treat both claims in an *identical* manner." *Id. at* 914. But this open question presents no chance for Hall. Quite simply, the inevitable discovery doctrine is a judicially created doctrine, not a constitutional provision of either the Alaska or United States constitutions.

Thus, Hall's fourth claim should also be dismissed because he failed to exhaust his state court remedies regarding it.

## CONCLUSION

For the foregoing reasons it is hereby recommended that the respondent's motion to dismiss at docket No. be **GRANTED**.

DATED this 30th day of March, 2006, at Anchorage, Alaska.

 /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to Federal Rule of Civil Procedure 72(b), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **the close of business on April 12, 2006**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities

in support. Response(s) to the objections shall be filed **no later than the close of business on April 20, 2006**.

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).