Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEROME DAVID HALL, SR., <br><br> Petitioner, <br><br> vs. <br><br> CRAIG TURNBULL, <br><br> Respondent. | Case No. 3:05-cv-0183-JKS <br><br> **OBJECTIONS TO MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION THAT PETITION BE DISMISSED** |

      Petitioner, Jerome David Hall, Sr., by and through counsel Mary C. Geddes, Assistant Federal Defender, and files his objections to the magistrate-judge's report and recommendation that his petition be dismissed.

      With respect to the first two Fourth Amendment claims, Mr. Hall disagrees with the court's conclusion that *Stone v. Powell*, 428 U.S. 465, 494-496 (1976) forecloses habeas jurisdiction.. A petitioner has not had a full and fair opportunity to litigate his claims if a hearing

were held *but did not result in a state court fact-finding that resolved all of the controlling factual issues in the case*. 28 U.S.C. § 2254(d) (3). This court acknowledged that the Superior Court failed to determine the question addressed to it on remand: "whether Officer's Boor's comment about recognizing Hall was or was not the functional equivalent of interrogation for *Miranda* purposes." Report and Recommendation, at 3.

With respect to claim 3 ("the *Miranda/Innis* claim"), this court has concluded that Hall did not, and could not, litigate a violation of his Fifth Amendment rights because the Court of Appeals determined that the application of the inevitable discovery doctrine "mooted" the issue. Report and Recommendation, at 5.

The court has also concluded that Mr. Hall cannot litigate claim 4, the Court of Appeals' erroneous application of the inevitable discovery doctrine, either, because he failed to fairly characterize his argument as federal in nature. Report and Recommendation, at 6.

The court's conclusions with respect to claims 3 and 4 are erroneous for the following reason. A state procedural bar will prevent federal review if it is an adequate and independent state law basis for the judgment, but the inevitable discovery doctrine is interwoven with federal law. *See Coleman v. Thomas*, 501 U.S. ___, 722, 735 (1991); *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985).

Clearly, the Alaska courts rely upon federal caselaw in applying exclusionary doctrine in the Fourth, Fifth and Sixth Amendment context. See *Erickson v. State*, 507 P.2d 508, 516 (Alaska 1973)(*citing Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441

(1963)), *and State v. Hazelwood*, 866 P.2d 827, 833 (Alaska 1993)(*citing Nix v. Williams*, 467 U.S. 431, 442-43, 104 S.Ct. 2501, 2508, 81 L.Ed.2d 377 (1984)). There is no independent state doctrine or analysis for the federal constitutional claims here.

This court has read Mr. Hall's citations to *Smith v. State*, 948 P.2d 473 (Alaska 1997) in his Court of Appeals briefing, and in his petition for hearing, as 'presenting' or noticing only a state law question. *Smith* decided the extension of the inevitable discovery doctrine to violations of state statutory requirements. Nevertheless, *Smith* was also a relatively recent case which featured extensive discussion of past state court cases (*Erickson, Hazelwood*) which applied the exclusionary rule/inevitable discovery doctrine in the federal law context. *See Smith,* 948 P.2d at 476, 478, 481. Given that Mr. Hall had only identified federal constitutional (Fourth Amendment and *Miranda/Innis)* violations - and not state statutory ones, and that the *Smith* decision certainly did not prescribe an adequate and independent state analysis for considering "inevitable discovery" in the federal constitutional context, *see Smith v. State*, 948 P.2d at 481("We need not decide in this case whether violation of a federal or state constitutional provision would require a different analysis"), the Supreme Court was fairly notified that Mr. Hall's appeal concerned only interwoven federal constitutional law and inevitable discovery doctrine.

Through his appellate court filings, Mr. Hall cited *Miranda* and *Innis* as his authority. That was a sufficient invocation of federal constitutional law to satisfy exhaustion requirements.

3

> In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis. *See Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir.2000) (holding that state-exhaustion requirements for a habeas claim are satisfied when a petitioner cites federal case law or provisions from the federal constitution or statutes), *amended*, 247 F.3d 904 (9th Cir.2001); *Peterson v. Lampert*, 319 F.3d 1153, 1157- 58 (9th Cir.2003) (en banc) (holding that a citation to a state court case that provides a federal analysis can "serve[ ] the same purpose as a federal case analyzing such an issue").

*Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).

Mr. Hall should not be expected to 'show,' as a preliminary matter, that the application of the inevitable discovery doctrine was erroneous.(See Report and Recommendation at 5)  He does so contend it was in his amended petition  (see claim 4).

DATED this 21st day of April, 2005.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on April 21, 2006, a copy of the foregoing document, with attachments, was served electronically on:

John A. Scukanec, Esq.

/s/ Mary C. Geddes